JUDGE RAMOS

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------X

14 CV 6328

OUSSEYNOU LAM

        Plaintiff,

                            Index No:
                            COMPLAINT

-against-

THE CITY OF NEW YORK, POLICE OFFICER
/DETECTIVE DEL LA MOTA SHIELD NO. 943137
JOHN/AND/OR JANE DOE NUMBERS 1-10
AND NOGAYE LO

        Defendants.
-----------------------------------------X



RECEIVED
AUG 08 2014
U.S.D.C. S.D.N.Y.

      NOW COMES the Plaintiff, OSSEYNOU LAM, by and through his attorney, RONALD PAUL HART, P.C., as and for his complaint against the Defendants, and respectfully shows to this Court and allege as follows:

### PARTIES

1) That the Plaintiff, OSSEYNOU LAM (Hereinafter "Plaintiff"), is presently a resident of the City and State of New York.

2) At the time of the occurrence of the incident, Defendant POLICE OFFICERS/DETECTIVES JOHN/AND/OR JANE DOE NUMBERS 1-10, AND/OR Police Officer/Detective De La Mota were and still are residents of the City of New York.

3) Upon information and Belief, Nogaye Lo, was and is a resident of the City and State of New York being a licensed street Vendor.

4) Upon information and belief, that at all times, hereinafter mentioned, the Defendant, **THE CITY OF NEW YORK**, was and still is a municipal corporation duly organized and existing under and by virtue of the laws of the State and City of New York.

2

5) Upon information and belief, that at all times, hereinafter mentioned, the Defendant, THE CITY OF NEW YORK, its agents, servants and employees operated, maintained and controlled the Police Department of the City of New York, and all police officers thereof, including defendant Police Officers JOHN/JANE DOES 1-10 and Police Officer/Detective Del La Mota.

6) Upon information and belief, at all times hereinafter mentioned, and on or prior to January 17th, 2012, Defendants, Police Officers JOHN/JANE DOES 1-10 and Defendant Del La Mota, were employed by Defendant, CITY OF NEW YORK, as police officers/Detectives and acted in their capacity as police officers.

7) This action arises both under the United States Constitution, particularly under provisions of the Fourth and Fourteenth Amendments to the Constitution of the United States, and under federal law, particularly the Civil Rights Acts, Title 42 of the United Code, Section 1983, 1981, 1988, 1985(3) et seq. and state law for malicious prosecution, abuse of process, negligent infliction of emotional distress, negligent hiring, training, and supervision of police officers, permitting unlawful police practices, and racial discrimination, to name a few of the causes of action.

8) This action also arises under and the rights under the constitution and laws of the State and City of New York.

9) Each and all of the acts of the Defendants alleged herein were done by the defendants, their agents, servants and employees, and each of them, as individuals and in their official capacities as police officers under the color and pretense State law, the statuses, ordinances, regulations, customs and usages of the State of New York, the CITY OF NEW

YORK and the County of new York, and under the authority of their office as police officers of said state, City and County.

10) The amount in controversy is $75,000.00 exclusive interest.

## AS AND FOR FIRST CAUSE OF ACTION ON BEHALF OF PLAINTIFF
## 42 USC Section 1983:

11) The Plaintiff, OSSEYNOU LAM, hereby incorporates by reference each and every preceding paragraph 1-10 of this Summons and Complaint as though fully pled and re-alleged in their entirety below.

12) That on January 17, 2012, Plaintiff, OSSEYNOU LAM ("Hereinafter the plaintiff") was in Union Square Park in Manhattan, pushing his umbrella cart up a hill when his fellow female street vendor Defendant Nogaye Lo stopped him.

13) Defendant, Nogaye Lo, is a woman who had been harassing Plaintiff for quite some time and he had a restraining order against her.

14) Plaintiff ignored Defendant Nogaye Lo and continued to push his umbrella cart up the hill when Defendant Nogaye Lo without his permission or consent, placed her hands inside Plaintiff's pockets.

15) Defendant Nogaye Lo thereupon took out of the Plaintiff's pockets approximately ($100), a camera, his social security card, identification card, and medical insurance card.

16) The police were called and when they arrived at the scene, Nogaye Lo stated that the Plaintiff had hit her.

17) However, and despite the fact Plaintiff had a valid Order of Protection, he was falsely arrested without any investigation by Police Officer/Detective DELAMOTA even though Defendant Nogaye Lo handed Plaintiff's above listed personal belongings over to the police officers.

18) It should have been readily apparent to any trained police officer that Defendant Nogaye Lo being in possession of numerous items of Plaintiff's personal possessions meant that she had assaulted, violated his person including the Order of Protection and was subject to arrest.

19) Unfortunately, the NYC Police Department has a pattern and practice of siding with females who claim violence even though the evidence, as in Plaintiff's case, showed to the contrary.

20) The City of New York in addition to supervisory employees of the NYPD condone this persistent and illegal practice.

21) The Plaintiff was released on $2,500 bail.

22) Plaintiff collected his belongings but the camera and money were never recovered nor returned to him although he personally observed Defendant give these items to Police Officer/Detective DELAMOTA.

23) The Plaintiff went to court many times before the case was dismissed on April 3, 2012.

24) The Defendant, their agents, servants and employees failed to stop the above illegal conduct of falsely arresting innocent males for harassing and assaulting females even

though the evidence and quick and timely investigation or properly police training would show to the contrary.

25) Plaintiff was needlessly prosecuted even though he was innocent of the charges.

26) That Plaintiff's damages flow from the conduct of the City condoning the illegal pattern of falsely arresting males even though a cursory review of the facts shows to the contrary.

27) That by reason of the aforesaid, the Plaintiff was injured in mind and body, still suffers and upon information and belief, will continue to suffer great mental pain, and he was rendered sick, sore, lame and so remains by the actions of the Defendants, their agents, servants and employees.

## AS AND FOR AN SECOND CAUSE OF ACTION ON BEHALF OF PLAINTIFF OSSEYNOU LAM CIVIL RIGHTS ACTION 42 USC §§ 1985(3):

28) The Plaintiff, OSSEYNOU LAM, hereby incorporates by reference each and every preceding paragraph 1-27 of this Summons and Complaint as though fully plead and re-alleged in their entirety below.

29) That on January 17, 2012, Plaintiff, OSSEYNOU LAM ("Hereinafter the plaintiff") was in Union Square Park in Manhattan, pushing his umbrella cart up a hill when he was stopped by his fellow female street vendor Defendant Nogaye Lo.

30) Defendant, Nogaye Lo, is a woman who had been/ harassing Plaintiff for quite some time and he had a restraining order against her.

31) Plaintiff ignored Nogaye Lo and continued to push his umbrella cart up the hill when Defendant Nogaye Lo without his permission or consent, placed her hands inside Plaintiff's pockets.

32) Defendant Nogaye Lo thereupon took out of the Plaintiff's pocket approximately ($100), a camera, his social security card, identification card, and medical insurance card.

33) The police were called and when they arrived at the scene, Defendant, Nogaye Lo stated that the Plaintiff had hit her.

34) However, and despite the fact Plaintiff had a valid Order of Protection, he was falsely arrested without any investigation by Police Officer/Detective DELAMOTA acting in concert with other police officers.

35) That these white police officers arrested Plaintiff even though Defendant Nogaye Lo handed Plaintiff's personal belongings to them as referenced above.

36) That the New York City Police Department has a consistent pattern and practice of arresting black males even though they are innocent of the charges. In this case, white police officers arrested Plaintiff, a black male, even though his accuser was in possession of her his personal items she forcibly removed from his person.

37) The conduct of the white police officers of conducting unauthorized arrests of black males is widely tolerated by the City of New York and supervisory staff of the NYPD.

38) It was readily apparent to any trained police officer that Defendant Nogaye Lo being in possession of numerous items of Plaintiff's personal possessions meant that she had assaulted, violated his person, the Order of Protection and was subject to arrest.

39) Unfortunately, the NYC Police Department has a pattern and practice of siding with females who feign violence even though the evidence, as in Plaintiff's case, shows the contrary.

40) The City of New York in addition to supervisory employees of the NYPD condoned all of the above illegal practices.

## AS AND FOR THE THIRD CAUSE OF ACTION ON BEHALF OF OSSEYNOU LAM FOR RACIAL DISCRIMINATION PURUSANT TO 42 USC SECTION 1981:

41) The Plaintiff, OSSEYNOU LAM, hereby incorporates by reference each and every preceding paragraph 1-40 of this Complaint as though fully plead and re-alleged in their entirety below.

42) That on January 17, 2012, OSSEYNOU LAM ("Hereinafter the plaintiff") was in Union Square Park pushing his umbrella cart up a hill when he was stopped.

43) Defendant Nogaye Lo, a woman who had been harassing the Plaintiff prior to this encounter, stopped Plaintiff while as he was walking.

44) Plaintiff ignored Defendant Nogaye Lo and continued to push his umbrella cart up the hill when Defendant Nogaye Lo put her hands in the Plaintiff pocket.

45) Defendant Nogaye Lo took out the Plaintiff's money ($100), camera, his social security card, identification card, and medical insurance card.

46) The parking lot manager Louis was called while the plaintiff was being robbed and he responded by saying, "I am busy".

47) When several white police officers arrived at the scene, Defendant Nogaye Lo stated that the Plaintiff had hit her.

48) These white police officers conspired amongst themselves to deprive Plaintiff of his constitutional rights to be free from unreasonable seizure and arrest because there was no evidence that he had assaulted or robbed the alleged victim.

49) Incredibly, these two white police officers without any investigation arrested Plaintiff without any probable or reasonable cause.

50) The Defendant police officers do not treat similarly situated white people the same as they do persons of color.

51) In fact, the City condones a pattern and practice of allowing its police to arrest minorities, African Americans, and other persons under false pretenses for alleged crimes they did not commit where there is no evidence to support such is charges.

52) This pattern and practice is widely observed by the ordinary citizens in the unequal enforcement of the criminal laws with stop and frisk as yet but one example of the uneven treatment of minority citizens.

53) The Plaintiff did not commit any illegal act, either before or at the time he was falsely arrested by the Police officers who conspired to falsely arrest and imprison him which deprived him of his Constitutional rights as set forth in the Constitution of the United States, particularly 42 USC §§ 1985(3) and the Constitution of the State of new York.

54) That at all times hereinafter mentioned, the Defendants Police Officers JOHN/JANE DOES 1-10, Police Officer/Detective Motoa each of them, separately and in concert conspired for the purpose of depriving, either directly or indirectly, Plaintiff of the

9

equal protection of the laws, or of equal privileges and immunities under the laws in that said Defendants did engage in the illegal conduct hereinbefore described and thus did deprive the Plaintiff of the equal protection of the laws, or of equal privileges and immunities secured to Plaintiff by the First and Fourteenth Amendments to the Constitution of the United States and the Laws of the United States. The unlawful and illegal conduct of the Defendants deprived the Plaintiff of the following rights, privileges and immunities secured to him by the Constitution of the United States and the State of New York:

    a. The right of the Plaintiff to be secure in their persons and effects against unreasonable search and seizure under the Fourth and Fourteenth Amendments of the Constitution of the United States

    b. the right of the Plaintiff to be informed of the nature and cause of the accusation against him so secured to them under the sixth and fourteenth amendments of the Constitution of the United States; and,

    c. the right of the Plaintiff not to be deprived of life, liberty or property without due process of law, and the right to the equal protection of the law secured by the Fourteenth Amendment to the Constitution of the United States.

55) That by reason of the aforesaid violations, conspiracy and false arrest, and false imprisonment, and battery and otherwise discriminatory treatment in violation of both the United States and New York State Constitutions, the Defendants conspired together to enter into a nefarious scheme to wrongfully deprive the Plaintiff and compelled him to abandon his rights and privileges as provided to him in the Constitutional rights as set forth in the Constitution of the State of New York, and laws thereto, the Defendants, violated 42 U.S.C. §§ 1981, 1983, 1985 (3) in that the Defendants acted as persons who under color of

any statute, ordinance, regulation, custom or usage of the CITY OF NEW YORK, subjected or caused to be subjected, a citizen of the Unite States or other person within the jurisdiction, particularly the Plaintiff thereof to be deprived of his rights, privileges or immunities received by Constitution of the United States of America, and provided them by the Constitution of the State of New York; were subjected to Great indignities and humiliation, and pain and distress of mind and body and was held up to scorn and ridicule, injured in his character and reputation, was prevented from attending his usual business and vocation and was injured in his reputation in the community and the acts aforementioned were committed with the aim of injuring and damaging the Plaintiff.

56) That by reason of the aforesaid violations, to wit the false arrest, false imprisonment caused by the Defendants, who wrongfully deprived the Plaintiff and compel his abandon his rights and privileges as provided to his in the Constitution of the United States of America, and in the Constitution of the United States of America, and in the Constitution of the State of New York, and laws thereto, the Defendants, acting within the scope of their authority and without any probable cause, caused the Plaintiff great harm because of the aforesaid illegal conduct.

### AS AND FOR THE FOURTH CAUSE OF ACTION ON BEHALF OF OSSEYNOU LAM FOR ATTORNEY FEES PURUSANT TO 42 USC SECTION 1988:

57) The Plaintiff, OSSEYNOU LAM, hereby incorporates by reference Each and every preceding paragraph 1-64 of this Summons and Complaint as though fully plead and re-alleged in their entirety below.

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

OUSSEYNOU LAM          Plaintiff,

                                                                    Index No:
                                                                    COMPLAINT

-against-

THE CITY OF NEW YORK, POLICE OFFICER
/DETECTIVE DELAMOTA SHIELD NO. 943137
JOHN/AND/OR JANE DOE NUMBERS 1-10
AND NOGAYE LO
                      Defendants.

RONALD PAUL HART, ESQ.
Attorney(s) for the PLAINTIFF
225 Broadway Suite 2515
New York, New York 10007
Tel. (212)766-1443

To: ALL COUNSEL
Attorney(s) for
THE DEFENDANTS:

Service of a copy of the within SUMMONS AND COMPLAINT

Counselor(s): Please Take notice

*NOTICE OF ENTRY*
that the within is a (certified) true copy of a
duly entered order in the office of the clerk of the within named court on

*NOTICE OF SETTLEMENT*
that an order for of which the within is a true copy will be presented for settlement to the
HON. one of the justices of the within named Court at the within is a (certified) true copy of
a duly entered

13